UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO JAVIER GUERRERO BUENROSTRO,<br><br>Defendant. | Case No. 12-CR-00670-LHK-16<br><br>**ORDER GRANTING SENTENCE REDUCTION**<br><br>Re: Dkt. Nos. 468, 474 |

Defendant Francisco Javier Guerrero Buenrostro ("Defendant") is currently in the custody of the Bureau of Prisons ("BOP") and incarcerated at the Giles W. Dalby Correctional Institution ("Dalby") in Post, Texas. Defendant moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF Nos. 468, 474. For the reasons set forth below, the Court GRANTS Defendant's motion.

**I.  BACKGROUND**

On March 18, 2015, Defendant pleaded guilty to conspiring to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii). ECF Nos. 299, 366. On June 24, 2015, the Court sentenced Defendant to the statutory mandatory minimum of 120 months in custody followed by 5 years of supervised

1  release. ECF Nos. 365, 366.

2  On November 23, 2020, Defendant, who was pro se, filed a motion for a sentence
3  reduction. ECF No. 368. That same day, Defendant filed a motion for appointment of counsel.
4  ECF No. 469. On December 2, 2020, the Court appointed counsel. ECF No. 470. On December 8,
5  2020, Defendant, by appointed counsel, filed a supplemental motion for a sentence reduction. ECF
6  No. 474 ("Mot.").

7  On December 7, 2020, the government filed an opposition to Defendant's motion for a
8  sentence reduction. ECF No. 471 ("Opp'n."). On December 10, 2020, the government filed a
9  declaration in support of its opposition. ECF No. 475. That same day, the Probation Office filed its
10 response to Defendant's motion for compassionate release. ECF No. 473.

11 Relevant to the instant motion is the fact that Defendant has been in continuous federal
12 custody since September 20, 2013, and thus has served more than 87 months in custody for the
13 instant offense. According to Bureau of Prisons records, Defendant has a risk score of minimum,
14 has received no serious or minor violations during his incarceration, has received no incident
15 reports, and has completed two drug treatment programs. Mot. Exh. A. Assuming Defendant
16 qualifies for good time credits, Defendant's projected release date is March 21, 2022. *See* Federal
17 Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Dec. 29, 2020).
18 Thus, Defendant has served more than 72% of his sentence. Assuming good time credits,
19 Defendant has served more than 85% of his sentence.

20 Furthermore, if Defendant were a United States citizen, he would have less than three
21 months left on his sentence because he has successfully completed the prison's residential drug
22 treatment program. Mot. Exh. A. After completing this program, eligible inmates can be released
23 twelve months early. Mot. Exh. B. However, because Defendant has an active Immigration and
24 Customs Enforcement detainer, he is ineligible for the twelve month reduction. *Id*.

25 **II.   LEGAL STANDARD**

26 18 U.S.C. § 3582(c) allows a court to modify a defendant's "term of imprisonment . . .
27 upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A

28

defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The statute governing motions for sentence reductions, 18 U.S.C. § 3581(c)(1)(A), requires that courts "consider[] the factors set forth in section 3553(a)." Those factors include, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed medical care in the most effective manner; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

"[A]fter considering the factors set forth in § 3553(a) to the extent applicable," a court may grant the motion to reduce the defendant's sentence in two circumstances. As relevant here, a court may reduce a defendant's sentence if it finds "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A). The relevant Sentencing Commission policy statement enumerates several "extraordinary and compelling reasons." U.S. Sentencing Guidelines ("U.S.S.G") § 1B1.13(1)(A) & cmt. 1. A defendant fulfills one of the enumerated reasons when the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id*. § 1B1.13 cmt. 1(A)(ii). An extraordinary or compelling reason may also exist for a reduction in sentence due to the incapacitation of the defendant's spouse when the defendant would be the only available caregiver for the spouse. *Id*. § 1B1.13 cmt. 1(C)(ii). The Commission also requires that the defendant not pose a danger to the safety of the community. *Id*. § 1B1.13(2).

3

Case No. 12-CR-00670-LHK-16
ORDER GRANTING SENTENCE REDUCTION

### III. DISCUSSION

In analyzing whether a defendant is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), courts determine whether a defendant has satisfied three requirements. First, a defendant must exhaust his administrative remedies. Second, a defendant must establish that the § 3553(a) sentencing factors "are consistent with" granting a motion for compassionate release. *United States v. Trent*, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020). Third, a defendant must demonstrate that "extraordinary and compelling reasons"—as defined by the applicable Sentencing Commission policy statement—"warrant . . . a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

As to the first requirement, exhaustion, the government concedes that Defendant exhausted his administrative remedies by filing a request for relief with the warden of Dalby. Opp'n at 5; *see* 18 U.S.C. § 3582(c)(1)(A) (allowing a court to modify a term of imprisonment "upon motion of the defendant after . . . the lapse of 30 days from the receipt of such a request [to bring a motion on defendant's behalf] by the warden of the defendant's facility"). As a result, only the second and third requirements are at issue in the instant case.

The Court discusses the second and third requirements together. As explained below, based on the totality of these circumstances, the Court concludes that Defendant's motion should be granted.

First, the Court concludes that § 3553(a) sentencing factors "are consistent with" granting Defendant's motion for compassionate release for several reasons. Defendant has served more than 87 months in custody. According to Bureau of Prisons records, Defendant has a risk score of minimum, has received no serious or minor violations during his incarceration, has received no incident reports, and has completed two drug treatment programs. Mot. Exh. A. Accordingly, the government concedes that Defendant "has no criminal history points and no disciplinary charges while he has been incarcerated" and Defendant has been "determined to present a mi[ni]mum risk of recividism." Opp'n at 2.

Assuming good time credits, Defendant's projected release date is March 21, 2022. *See*

Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Dec. 29, 2020). Thus, Defendant has served more than 72% of his sentence. Assuming good time credits, Defendant has served more than 85% of his sentence. In addition, if Defendant were a United States citizen, he would have less than three months left on his sentence because he has successfully completed a residential drug treatment program, which normally results in a twelve month sentence reduction. Mot. Exhs. A, B. However, because Defendant has an active detainer, he is ineligible for the twelve month reduction. Mot. Exh. B.

Furthermore, Defendant will not be released to home confinement to serve the remainder of his prison term. Defendant has conceded that if Defendant's motion is granted, Defendant will stipulate to his deportation.[1] Mot. at 16, 26. Indeed, Defendant is a citizen of Mexico with an active Immigration and Customs Enforcement detainer and has been deported before. ECF No. 473 at 1; ECF No. 364 ¶ 61. Thus, this Court will grant a sentence reduction to Defendant, reduce Defendant's sentence to time served, and order that Defendant be released to Immigration and Customs Enforcement custody for removal to Mexico. *See, e.g.*, *United States v. Monroy*, 2020 WL 7342735, at *4 (N.D. Cal. Dec. 14, 2020) (reducing sentence to time served and ordering that "Defendant shall enter the custody of Immigration and Customs Enforcement pursuant to Defendant's detainer for removal to Mexico"); *United States v. Gudino*, 2020 WL 7319432, at *4 (N.D. Cal. Dec. 11, 2020) (reducing sentence to time served and ordering that, upon the defendant's release, the defendant shall enter the custody of Immigration and Customs Enforcement pursuant to his detainer for removal to Mexico); *United States v. Guntipally*, 2020 WL 6891827, at *5 (N.D. Cal. Nov. 23, 2020) (reducing sentence to time served and ordering release "into the custody of Immigration and Customs Enforcement pursuant to Defendant's detainer for removal to India."); *United States v. Juarez-Parra*, 2020 WL 5645703, at *5 (D.N.M.

---

[1] Because Defendant will be deported, Defendant stated that he plans to reside in Mexico with his wife and children if released. The Probation Office stated that "the release plan is denied by the probation office, as our office cannot effectively supervise [Defendant] while he is residing in Mexico." ECF No. 473 at 1. The Probation Office's position is driven by the fact that Defendant will be deported to Mexico where he cannot be supervised.

5
Case No. 12-CR-00670-LHK-16
ORDER GRANTING SENTENCE REDUCTION

Sept. 22, 2020) (reducing sentence to time served and ordering release "into the custody of ICE for removal to Mexico"); *United States v. Acevedo*, 2020 WL 3182770, at *4 (S.D.N.Y. June 15, 2020) ("Defendant's application is GRANTED. Defendant shall be released into the custody of ICE for removal to Mexico."); *United States v. Bennett*, 2020 WL 2539077, at *2 (S.D.N.Y. May 18, 2020) ("Considering all of the circumstances raised by Mr. Bennett's motion, and especially that ICE will deport him forthwith upon his release, the Court is prepared to grant Mr. Bennett's motion . . . ."); *United States v. Ardila*, 2020 WL 2097736, at *2 (D. Conn. May 1, 2020) (after reducing sentence to time served and ordering release from Bureau of Prisons ("BOP") custody, stating that "[u]pon release from BOP custody [defendant] shall enter the custody of Immigration and Customs Enforcement pursuant to his underlying detainer"). Thus, the Court concludes that Defendant does not pose a danger to the safety of the community.

The Court also considers Defendant's age and health conditions, which are relevant under the second and third requirements for a sentence reduction. In conducting the § 3553(a) analysis, courts must "consider . . . the need for the sentence imposed . . . to provide the defendant with needed . . . medical care . . . in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). Furthermore, a defendant can demonstrate extraordinary and compelling circumstances when the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13 cmt. 1(A)(ii).

In the instant motion, Defendant, who is now 54 years old, asserts that he suffers from multiple health conditions, including: (1) pulmonary/asthma/COPD; (2) hypertension; (3) glaucoma; (4) arthritis; (5) benign prostatic hyperplasia (BPH); (6) three ruptured disks in his back; (7) gastroesophageal reflux disease; and (8) a BMI of over 25. Mot. Exh. L. Defendant's respiratory issues follow a history of smoking. *Id*. Defendant's Presentence Report confirms that some of these conditions have been longstanding. At the time of Defendant's sentencing, Defendant suffered from asthma, which required an inhaler; an enlarged prostrate; three

6

compressed vertebrae; and sight that had deteriorated since his arrest. ECF No. 364 ¶ 73.

Several of these conditions place Defendant at an increased risk of severe illness from COVID-19. Specifically, the CDC website states that individuals with COPD are at increased risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. In addition, the CDC website states that individuals with asthma (moderate to severe) and hypertension might be at increased risk of severe illness from COVID-19. *Id.*; Opp'n at 6.

Courts have granted compassionate release to other defendants who have these underlying medical conditions. *See United States v. Provost*, --- F. Supp. 3d ---, 2020 WL 4274570, at *5 (E.D. Va. July 24, 2020) (granting compassionate release to a defendant with asthma, COPD, and hypertension); *United States v. Gonzalez*, 451 F. Supp. 3d 1194, 1197 (E.D. Wash. 2020) (granting compassionate release to a 64-year-old defendant with COPD, which made her particularly vulnerable to severe illness from COVID-19).

In its opposition, the government cites cases where courts have denied compassionate release to defendants who suffer from asthma, particularly when the asthma is not moderate to severe and is controlled. Opp'n at 8–10. However, the Court notes that Defendant's medical records reflect that he also suffers from pulmonary/asthma/COPD and other ailments, and that his asthma has been uncontrolled and controlled during his incarceration. Mot. Exh. L. Moreover, Defendant's other medical conditions increase his risk of severe complications from COVID-19.

Furthermore, Defendant has ongoing respiratory problems as a result of contracting COVID-19. On July 12, 2020, Defendant was diagnosed with COVID-19 after an outbreak that sickened 83 inmates at Dalby. ECF No. 477 at 50. Although Defendant did not require hospitalization, Defendant experienced periods of dizziness, shortness of breath, and chest pain. *Id.* at 49, 51, 54. Defendant continues to suffer from respiratory problems following his COVID-19 recovery, and he now needs a nebulizer to aid his breathing. Mot. at 23, Exh. N.

Although Defendant has already contracted COVID-19, Defendant states that there have

been confirmed cases of reinfection. *See COVID-19 Reinfection Tracker*, BNO News, https://bnonews.com/index.php/2020/08/covid-19-reinfection-tracker/. Defendant also points out that some patients who had mild symptoms after their first infection have more serious symptoms after their second infection. *Id*. In fact, one 74-year-old patient died after he was infected for the second time. *Id*.

Nevertheless, courts have denied compassionate release to defendants who have recovered from asymptomatic COVID-19 and who lack the age or underlying medical conditions that increase or might increase the risk of severe illness from COVID-19. *See, e.g.*, *United States v. Peuse*, 2020 WL 5076356, at *3 (N.D. Cal. Aug. 24, 2020) (denying motion for compassionate release where the 45-year-old defendant was previously infected with COVID-19, was asymptomatic, and had no underlying health conditions that increased the risk of serious illness from COVID-19).

However, Defendant's case is distinguishable. Defendant is 54 years old and suffers from underlying health conditions that increase his risk for severe COVID-19 illness, including pulmonary/asthma/COPD and hypertension. Defendant continues to suffer from respiratory issues following his recovery from COVID-19. Moreover, Defendant has served 87 months, which represents more than 85 percent of his sentence assuming good time credits. Furthermore, Defendant will not be released into the community, but rather will be released to the custody of Immigration and Customs Enforcement for deportation to Mexico. Given all these circumstances, the Court opts to "err on the side of caution to avoid potentially lethal consequences for [Defendant]." *United States v. Armstrong*, 2020 WL 4366015, at *3 (S.D. Cal. July 30, 2020).

Other courts have granted compassionate release when the defendant has previously contracted COVID-19 but has significant underlying conditions that put him at increased risk of severe illness if reinfected. *See United States v. McCall*, 465 F. Supp. 3d 1201, 1205 (M.D. Ala. 2020) (granting compassionate release to a defendant who had not fully recovered from COVID-19 and had sickle cell disease, making him more vulnerable to severe illness); *United States v. Sholler*, 445 F. Supp. 3d 265, 270–71 (N.D. Cal. 2020) (granting compassionate release to a

defendant who was hospitalized and recovered from COVID-19, but was vulnerable to becoming severely ill if reinfected because of his age and pre-existing conditions); *Armstrong*, 2020 WL 4366015, at *3 (granting compassionate release to a defendant who "has supposedly recovered from COVID-19," but has Type 2 diabetes, obesity, high blood pressure, and high cholesterol); *United States v. Yellin*, 2020 WL 3488738, at *2–*3 (S.D. Cal. June 26, 2020) (granting compassionate release to a defendant who had been infected with COVID-19 previously and did not develop severe symptoms, but had conditions including Type-2 diabetes, heart disease, hypertension, and high blood pressure because "[i]f [the Defendant] were to be reinfected, his numerous underlying medical conditions could make COVID-19 infection deadly for him").

Based on the totality of the circumstances, the Court concludes that Defendant is entitled to compassionate release because the § 3553(a) sentencing factors "are consistent with" a sentence reduction, and extraordinary and compelling reasons warrant a reduction.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for a sentence reduction. Defendant's sentence is reduced to time served. Defendant shall be released from the custody of the Bureau of Prisons. Upon release from the custody of the Bureau of Prisons, Defendant shall enter the custody of Immigration and Customs Enforcement pursuant to Defendant's detainer for removal to Mexico.

**IT IS SO ORDERED.**

Dated: December 30, 2020

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

9
Case No. 12-CR-00670-LHK-16
ORDER GRANTING SENTENCE REDUCTION